LANE, J.
The plaintiff’s wife, it is conceded, was under twenty-one years when the labor, for which compensation was sought by the suit, was performed. Until the last session of the legislature, the age of majority for females as well as males in this state, was twenty-one, though they were exempt from service under indentures of apprenticeship, and had ability to contract matrimony. The law of last winter establishes eighteen as the age of majority for females for all purposes. That act has no influence on this case. But admitting what the plaintiff claims, that the second indenture was made when the girl was over eighteen, and inoperative as an indenture of apprenticeship; yet her father had a right to her services, and the contract was good for her wages, though not as an indenture of apprenticeship, to give the employer the authority and control of the person.
The charge of the court taken literally, may not materially affect the ease. It was of no consequence whether the girl executed the indenture or not — but the charge as given was more favorable to *the plaintiffs, than it would have been as we understand the [548 law, and they cannot therefore complain.
The claim to give proof of the obtaining the second indenture by fraud or duress, we cannot consider, because it is not in the bill of exceptions.
The judgment is affirmed, with costs.